Craig Phillip Blades
20966 E Sunset Dr.
Queen Creek AZ 85142
(480) 244-1780

FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 3 1 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Phillip Blades,<br><br>              Plaintiff,<br><br>v.<br><br>Commissioner<br>of the Social Security Administration<br><br>              Defendant. | CASE NUMBER:   **CV23-00545-PHX-DJH**<br><br><br>**COMPLAINT** |

### Jurisdiction

This court has jurisdiction over this matter pursuant to Social Security Act, 28 U.S.C. 1361, 28 U.S.C. 1331, Federal Tort Claims Act, Bivens §§ and Constitutional Violations. The plaintiff is a resident of Queen Creek, Maricopa County, AZ and a citizen of the United States. Defendant is the Commissioner of Social Security Administration. The cause of action arose in the Phoenix division.

### Complaint for Judicial Review of Division of The Commissioner of Social Security and Constitutional Due Process Violations Claim

The Social Security Administration (SSA) Administrative Law Judge (ALJ) overpayment decision letter alleged issues that were never discussed in the plaintiff's overpayment ALJ hearing. Plaintiff sufficiently addressed all issues raised by the defendant (SSA) during the ALJ hearing. However, in the ALJ's final decision letter, the SSA alleged plaintiff was guilty of one half of the overpayment

($21,607.50) for not discussing the child payee benefit amounts with his daughter and her mother (plaintiff's ex-spouse). Which is false, plaintiff did discuss the benefits with his daughter; and his ex-spouse is not entitled to discussions per SSA guidelines as the ALJ asserts. Parental income amounts (including SSDI) can be addressed by local courts for yearly child support update calculations. Regardless, the ALJ never brought up the mandatory payee benefit discussion requirement to the plaintiff during the hearing; and this is a failure to disclose/notify the plaintiff. Thus, nullifying the ALJ's decision [based on Rule 37 for dismissal].

The ALJ and local SSA office also failed to subpoena plaintiff's daughter and ex-spouse during the overpayment hearing and during his appeals; to question why his ex-spouse and daughter used the plaintiff's disability income (as texting evidence shows) for student financial aid and grants on daughter's FAFSA applications. Ex-spouse and daughter listed the plaintiff (father) as the primary residential providing parent in January of 2014 for her FAFSA application. But the ex-spouse and daughter then told the SSA Apache Junction office in May of 2014 (five months later) that the father wasn't the primary parent and that his "daughter never had lived with him"; giving them full access to the monthly social security child payee benefits of $43,215. Thus, the ex-spouse and daughter told two different federal government agencies completely contradictory statements as to who the primary parent was. Which effectively maximized the ex-spouse and daughter's monetary gain aka "double dipping". However, their contradictory statements also made the plaintiff wrongly appear guilty of an overpayment. When in reality it was the ex-spouse and daughter making fraudulent statements.

Plaintiff adequately accounted for all of the child's payee benefit usage in his hearing testimony with evidence. However, the ALJ decision stated that the ex-spouse and child should have had more control over the monthly payee benefit

usage. The plaintiff provided monthly proof of child support to mother ($312) and his daughter's cell phone monthly expenses ($90). Those amounts nearly equaled half of the monthly child payee benefit (controlled by ex-spouse and daughter). Plaintiff then used the remaining monthly half of $400 for food, clothing, and shelter for his daughter. But the ALJ's final decision concluded that the ex-spouse and daughter should have decided how the plaintiff was to spend that remaining monthly half of $400. Thus, penalizing him $21,607.50. This is an outrageous conclusion and injustice.

Plaintiff also brought to the Appeals Council attention that the defendants internal office notes (SSA screen shots) admitted that the SSA was negligent in not conducting the child payee benefits usage reports, which are annually required. Due to SSA's admitted negligence on those internal screen shots; the notes also say they are responsible for the entire overpayment amount of $43,215. But for some reason the Appeals Council found that the SSA's admitted guilt evidence was not relevant.

## Constitutional Due Process Claim

Plaintiff also is bringing to the courts attention that the defendant (SSA), has made ongoing overpayment allegations against plaintiff since 2014 (including sending out special agents to his home and his neighbors' home). Originally charging him with a Civil Monetary Penalty Case (CMP). With $100,000 in penalties and totaling $145,000 brought by the SSA's Office of Inspector General (OIG). Stemming from the same ex-spouse and daughter statements made in May of 2014 to the SSA's

Apache Junction office. Plaintiff's entire monthly disability income was illegally collected (unconstitutional seizure) by the SSA for 10 months (June 2015 to April 2016); before the required CMP hearing. This mandatory CMP hearing requirement is vital to protect benefit recipients due process rights under the Social Security Act.

CIVIL MONETARY PENALTIES AND ASSESSMENTS FOR TITLES II, VIII, AND XVI SEC. 1129

(2) The Commissioner of Social Security shall not make a determination adverse to any person under this section until the person has been given written notice and an opportunity for the determination to be made on the record after a hearing at which the person is entitled to be represented by counsel, to present witnesses, and to cross-examine witnesses against the person.

Since no required hearing took place before collections, the defendants violated the plaintiff's constitutional due process rights. The plaintiff's home of 17 years went into foreclosure during the 10 months of SSA's illegal disability collection/seizure activity and he was forced to sell his home and vehicle. The CMP case ultimately was dismissed after the 10 months of the illegal collections by the defendant; and plaintiff was paid back $18,000 after several more months (too little too late).

The local Mesa and Phoenix SSA offices also denied the plaintiff a pre-recoupment hearing, aka personal conference (required per POMS) twice in 2018 for this alleged overpayment. POMS GN 02270.005 states: [SSA cannot take any recovery action until the person has had reasonable opportunity for a conference.]

Once again, the SSA violated his constitutional due process rights (the right to be heard and question any adverse witnesses) before any monetary recovery collections can occur per the Social Security Act. The SSA's illegal collections during that time frame (August 2018 to April 2020) also resulted in collecting plaintiff's entire monthly disability income, displacing him yet again. Plaintiff has

now been displaced for over six years from home ownership because of the defendants' negligent actions.

Plaintiff is not only requesting a federal review of the ALJ overpayment decision from this court; plaintiff is also including a claim for constitutional due process violations and seeking damages that incurred as a result of the SSA's negligent and egregious actions to the plaintiff during this nine plus year overpayment matter. Plaintiff brought a federal lawsuit in 2018 for these multiple constitutional violations. However, the federal magistrate for that case said the plaintiff must exhaust all his administrative remedies first. Plaintiff has now exhausted all his SSA administrative remedies. The magistrate also reviewed several motions during that case and concluded that plaintiff's case was sufficient to allege colorable constitutional due process violations; but again the magistrate could not waive an administrative exhaustion requirement. The plaintiff has now met all administrative exhaustion requirements and is asking this court to make him whole by the relief requested.

### Request for Relief

The plaintiff requests that the final decision of the SSA ALJ be reversed to fully favorable and that the Constitutional Violations of Due Process Damages be awarded to plaintiff in the amount of $2,700,000. The Plaintiff wants a trial by jury.

Date: 3/30/2023

*Craig Blades*
Signature of Pro Se Plaintiff
Craig Phillip Blades
20966 E Sunset Dr.
Queen Creek, AZ 85142
(480) 244-1780