GARY M. RESTAINO
United States Attorney
District of Arizona

LISA M. HEMANN
Assistant United States Attorney
Arizona State Bar No. 024703
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, AZ  85004-4449
Telephone:  (602) 514-7500
Fax:  (602) 514-7760
Lisa.Hemann@usdoj.gov

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Blades,<br><br>          Plaintiff,<br><br>     v.<br><br>Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-23-00545-PHX-DJH<br><br>***AMENDED* JOINT RULE 26(f) CASE MANAGEMENT REPORT** |

      Plaintiff Craig Blades and Defendant Commissioner of Social Security Administration, pursuant to the Court's Orders (Docs. 22, 26) and Rule 26(f), hereby submit the following Amended Joint Proposed Case Management Plan:

**1.    A list of the parties in the case, including any parent corporations or entities (for recusal purposes).**

    Plaintiff:  Craig Blades

    Defendant:  Commissioner of Social Security Administration

**2.    A short statement of the nature of the case (3 pages or less), including a description of each claim and defense.**

    <u>Plaintiff</u>:  Plaintiff brings two causes of action in this case.  First, he seeks review of the ALJ's decision not to waive his overpayment of funds he received as his daughter's representative payee.  Plaintiff asserts that the ALJ's findings were incorrect because he

complied with the requirement that he discuss benefit amounts with his daughter, and because he adequately accounted for his daughter's benefit usage. Plaintiff further asserts that the ALJ's decision is nullified for failure to have raised the mandatory payee benefit discussion at his hearing and for not allowing him to question witnesses at the ALJ hearing (due process violation). Plaintiff also asserts that his ex-spouse and daughter provided conflicting/fraudulent information to the Government, which made him appear guilty of a Civil Monetary Penalty / overpayment. Ex-spouse and daughter told the Department of Education that the plaintiff was the primary parent when applying for FAFSA Student Aid due to the plaintiff's lower disability income. Then a few months later, the plaintiff's ex-spouse and daughter told the Social Security Administration that the plaintiff wasn't the primary parent ("daughter only visits plaintiff"). Both of these conflicting statements conveniently maximized the ex-spouse and daughter financially (aka double-dipping fraud). Plaintiff also asserts a claim for due process violations because his entire monthly disability payment/benefits were illegally collected/withheld for a period of ten months prior to having had the mandatory Civil Monetary Penalty hearing in 2015. Plaintiff's home of 17 years then went into foreclosure. He asserts additional due process failures/violations to provide mandatory hearings, including witness questioning, prior to recoupment of the overpayment amounts.

<u>Defendant</u>: Plaintiff brings two causes of action in this case: (1) an appeal of the SSA ALJ's decision denying waiver of overpayment; and (2) a claim for violation of his due process rights in which he seeks monetary damages. As to Plaintiff's first cause of action, Defendant asserts that the ALJ's decision applied the correct legal standard and that it was supported by substantial evidence. Therefore, the ALJ's decision was correct. As to Plaintiff's second cause of action for alleged due process violations, Defendant will move to dismiss because Plaintiff has not provided a jurisdictional basis to proceed on such a claim, and because he otherwise fails to state a claim. Further, Defendant denies any due process violations.

3. **The jurisdictional basis for the case, describing the basis for the jurisdiction and citing specific jurisdictional statutes.**

<u>Plaintiff</u>:  Jurisdiction exists under the Social Security Act, 28 U.S.C. § 1361, 28 U.S.C. § 1331, the Federal Tort Claims Act, Bivens, and the Constitution.

<u>Defendant</u>:  Jurisdiction exists for Plaintiff's first claim pursuant to 42 U.S.C. § 405(g); however, there is no jurisdiction for Plaintiff's due process claim under any of the sources of law identified by Plaintiff.  (Defendant will move to dismiss Plaintiff's second claim for lack of jurisdiction.)

4. **Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared.**

None.

5. **A statement of whether any party expects to add additional parties to the case or otherwise to amend or supplement the pleadings.**

<u>Plaintiff</u>:  Plaintiff reserves the right to add additional parties and amend his complaint.

<u>Defendant</u>:  To the extent Plaintiff so amends, Defendant expects to amend and/or supplement responsive pleadings.

6. **A list of contemplated motions and a statement of the issues to be decided by these motions.**

<u>Plaintiff</u>:  Response to the Motion to Dismiss for due process.

<u>Defendant</u>:  Defendant intends to move to dismiss Plaintiff's claim for due process violations because there is no jurisdictional basis for those claims.

7. **Whether the parties will consent to the assignment of this action to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).**

The parties do not consent to assignment of this matter to a United States Magistrate Judge.

8. **The status of related cases pending before other courts or other judges of this Court.**

   <u>Plaintiff</u>:  None as of now.

   <u>Defendant</u>:  None.

9. **A statement of when the parties exchanged or will exchange Federal Rule of Civil Procedure 26(a) initial disclosures.**

   The parties will exchange initial disclosures on December 6, 2023.

10. **A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced (see Fed. R. Civ. P. 16(b)(3)(B)(iii), Fed. R. Civ. P. 26(f)(3)(C)).**

    The parties do not anticipate that discovery in this case will involve complex issues related to electronically-stored information ("ESI"). To the extent such documents are normally maintained by a party in an electronic format and are reasonably accessible, such documents will be produced on paper or paper-equivalent (such as PDF format), or in an otherwise mutually-agreeable form.

11. **A discussion of any issues relating to claims of privilege or work product (*see* Rule 16(b)(3(B)(iv), Rule 26(f)(3)(D)).**

    The parties are unaware of any issues related to claims of privilege or work product.

12. **A discussion of necessary discovery. The discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:**

    a. **The extent, nature, and location of discovery anticipated by the parties.**

       <u>Plaintiff</u>:  Plaintiff will be requesting transcripts, documents, and audio recordings from the ALJ hearing(s). Plaintiff will request all OIG SSA records from the Civil Monetary Penalty Case that was ultimately dismissed. Student financial Aid records & FAFSA applications related to the case.

       <u>Defendant</u>:  Defendant opposes discovery in connection with Plaintiff's first claim because the Court reviews the decision of the Social Security Administration Administrative Law Judge ("ALJ") on "the pleadings and transcript of the record." 42 U.S.C. § 405(g). *See also Harrison v. Heckler*,

745 F.2d 480, 481 (9th Cir. 1984) (stating that the standard of review is whether the ALJ's overpayment finding was supported by substantial evidence and whether the ALJ applied the correct legal standard). Defendant opposes discovery related to Plaintiff's second claim (asserting due process violations), which the Defendant challenges on jurisdictional grounds.

    b. **The scope of discovery and whether discovery should be conducted in phases or should be limited to focus on particular issues.**

Plaintiff:  At the Court's discretion.

Defendant:  Defendant objects to discovery in relation to the § 405(g) appeal. To the extent Plaintiff's second claim for due process violations survives, Defendant intends to propound written discovery to Plaintiff, depose Plaintiff, utilize subpoenas for the depositions of witnesses, utilize subpoenas to obtain records from nonparties, and will engage in all forms of expert discovery in connection with Plaintiff's damages claims.

    c. **Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure.**

Plaintiff:  None as of now.

Defendant:  Defendant objects to discovery in relation to the § 405(g) appeal and proposes that to the extent any other claim(s) proceed, that each party be limited to not more than 25 items in each category of written discovery (interrogatories, requests for production, requests for admission).

    d. **The number of hours permitted for each deposition, unless modified by agreement of the parties.**  *See* **Fed. R. Civ. P. 30(d)(1).**

Plaintiff:  At the Court's discretion.

Defendant:  Defendant objects to discovery in relation to the § 405(g) appeal and proposes that to the extent any other claim(s) proceed, depositions be limited to not more than four (4) hours per deponent.

13. **Proposed specific dates for each of the following (with deadlines falling on Fridays unless impracticable):**

a. **A deadline for completion of fact discovery:**

   Plaintiff: February 13, 2024

   Defendant: March 14, 2024

b. **Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A) – (C):**

   Plaintiff:

   Plaintiff's Expert Disclosure Deadline: March 11, 2024

   Defendant's Expert Disclosure Deadline: April 9, 2024

   Rebuttal Expert Disclosures: May 9, 2024

   Defendant:

   Plaintiff's Expert Disclosure Deadline: April 11, 2024

   Defendant's Expert Disclosure Deadline: May 9, 2024

   Rebuttal Expert Disclosures: May 23, 2024

c. **A deadline for completion of all expert depositions:**

   Plaintiff: June 18, 2024

   Defendant: July 18, 2024

d. **A deadline for filing dispositive motions:**

   The parties agree to the following briefing schedule in connection with Plaintiff's § 405(g) appeal:

   Plaintiff's Opening Brief: Friday, January 19, 2024

   Defendant's Answering Brief: Friday, February 16, 2024

   Plaintiff's Reply Brief: Friday, March 1, 2024

   Regarding the dispositive motion deadline for Plaintiff's claim asserting due process violations:

   Plaintiff: July 12, 2024

   Defendant: August 29, 2024.

e. **A date by which the parties shall have engaged in good faith settlement talks:**

Plaintiff: February 1, 2024

Defendant: March 1, 2024

14. **Whether a jury trial has been requested and whether the request for a jury trial is contested and, if so, the reasons why the request is contested.**

    Plaintiff: Jury trial requested when applicable.

    Defendant: Plaintiff has not presented a claim to which he is entitled to a jury trial in this case. Plaintiff's request for review of the ALJ's decision regarding overpayment of benefits is determined upon this Court's review of the pleadings and transcript and, therefore, is generally decided after briefs. *See* 42 U.S.C. 405(g).

15. **The estimated length of a trial.**

    Plaintiff: 3-6 months

    Defendant: Not applicable.

16. **The prospects for settlement, including any request of the Court for assistance in settlement efforts, including referral to a United States Magistrate Judge for the limited purposes of settlement.**

    The parties are working together cooperatively to discuss the issues in this case; however, at this stage, it is too early to determine the prospects of settlement in this matter.

    Respectfully submitted this 26th day of October, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Lisa M. Hemann*
LISA M. HEMANN
Assistant United States Attorney


PLAINTIFF

*s/Craig Blades (with permission)*
CRAIG BLADES
*Plaintiff, Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**Craig Blades**
20966 E Sunset Dr.
Queen Creek, AZ 85142
480-244-1780
Email: craigblades316@gmail.com
PRO SE


*s/ Celescia A. Broughton*
United States Attorney's Office